UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| TONI K. RISTAU<br>12758 Cascade Hills<br>San Antonio, Texas 78253<br>    Plaintiff<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>    Defendant | No. _____ |

# COMPLAINT FOR RELIEF
# FROM VIOLATIONS OF THE FEDERAL EMPLOYEE HEALTH BENEFITS ACT

## I. NATURE OF THE CLAIM

1. Plaintiff Toni K. Ristau brings this Complaint against the Office of Personnel Management ("OPM") seeking review of its final decision denying her health benefits to which she is entitled by law when she retired from federal service.

2. As a result of OPM's decision in her case, Plaintiff has lost access to Federal Employee Health Benefits (FEHB) in retirement.

## II. JURISDICTION AND VENUE

3. Because this is an action arising under the laws of the United States, specifically 5 U.S.C. § 8905 and the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, this Court has jurisdiction under federal question statute, 28 U.S.C. § 1331.

4. Venue in this judicial district is proper under 28 U.S.C. 1391(e) because: it is the judicial district where the Office of Personnel Management is located; it is the judicial district where the records relevant to Plaintiff's claims are maintained and administered; and it is the judicial district where the events contained within this complaint are alleged to have occurred.

### III. PARTIES

5. Plaintiff is a citizen of the United States, domiciled and residing in Texas. Plaintiff entered federal service on June 11, 1971, and she worked for the federal government intermittently until she retired from the federal government on May 16, 2017.

6. Defendant Office of Personnel Management is an executive agency of the Government of the United States within the meaning of the Administrative Procedures Act, 5 U.S.C. § 701(b)(1) (APA).

### IV. Statement of the FACTS

7. The Federal Employees Health Benefits Act provides that retirees are eligible to continue their enrollment for Federal Employee Health Benefits (FEHB) if they have been, at the time of retirement, enrolled in a health benefits plan under this chapter--(1) as an employee for a period of not less than--(A) the 5 years of service immediately before retirement; (B) the full period or periods of service between the last day of the first period, as prescribed by regulations of the Office of Personnel Management, in which he is eligible to enroll in the plan and the date on which he becomes an annuitant. 5 U.S.C. § 8905(b)(1). Plaintiff does not claim coverage under *id.* § 8905(b)(1)(C).

8. Plaintiff Toni K. Ristau entered federal service June 11, 1971 and worked for the federal government, intermittently, as an architect and lawyer, until retiring from federal service on May 16, 2017. Plaintiff held various positions for the federal government, at times serving in temporary/term positions, which were not eligible for FEHB and at other times serving in career continuous positions with eligibility for FEHB.

9. Upon retirement, Plaintiff elected to continue FEHB into retirement as an annuitant. Plaintiff requested continuation of her Federal Employee Health Benefits as a part of her Application for Immediate Retirement, Civil Service Retirement System (CSRS), submitted on Standard Form (SF-2801) in May 2017.

10. On September 12, 2017, Plaintiff received the OPM denial of her eligibility to continue FEHB into retirement. The denial found that she had met neither of the eligibility standards for annuitant eligibility for FEHB.

11. On October 4, 2017, after she was notified by her former employer that her FEHB benefits would not continue, Plaintiff applied for Temporary Continuation of Coverage (TCC). Plaintiff is eligible for TCC for up to 18 months following retirement.

12. Plaintiff appealed OPM's September 12, 2017 denial, and on May 9, 2018, she received OPM's May 3, 2018 final decision denying her claim.

13. The Parties agree that Plaintiff did not meet the five-year eligibility standard of 5 U.S.C. § 8905(b)(1)(A) (covered during the five years before retirement), because in her last assignment with the federal government she entered on service on May 20, 2013 and retired on May 16, 2017, a period that is less than the required five years.

14. OPM, however, also concluded that the Plaintiff did not meet the continuous enrollment standard of 5 U.S.C. § 8905(b)(1)(B), which requires that an annuitant have been enrolled in FEHB for "the full period or periods of service between the last day of the first period, as prescribed by regulations of the Office of Personnel Management, in which he is eligible to enroll in the plan and the date on which he becomes an annuitant."

15. On October 27, 1984, Plaintiff, who was at the time a career employee who had been continuously enrolled in Federal Employee Health Care Benefits (FEHB) for all eligible periods, resigned from federal service in order to move to Salt Lake City, Utah, with her husband.

16. Also on October 27, 1984, Plaintiff signed SF-2809, electing the discontinuation of her health care coverage. It is this election form that OPM now relies on to deny Plaintiff FEHB as an annuitant.

17. OPM cited Plaintiff's SF-2809, "Health Benefits Registration Form" (opting to cancel her health benefits), which Plaintiff signed on October 27, 1984. OPM concluded that Plaintiff was not enrolled in a health benefits plan for all of the periods for which she was eligible to enroll, *i.e.*, after October 27, 1984, and therefore she was not eligible for FEHB as a annuitant under 5 U.S.C. § 8905(b)(1)(B).

18. Under implementing regulations, 5 C.F.R. § 890-101 (definitions), a person is "enrolled" for purposes of 5 U.S.C. § 8905 if "an appropriate request has been accepted by the employing office and the enrollment in a health benefits plan approved by OPM under this part has not been terminated or cancelled."

19. Under the same regulation, 5 C.F.R. § 890-101, to "cancel" coverage "means to submit to the employing office an appropriate request electing not to be enrolled *by an enrollee who is eligible to continue enrollment*" (emphasis added).

20. The SF-2809 form cited by OPM to justify denial of Plaintiff's FEHB benefits under 5 U.S.C. § 8905(b)(1)(B), at Part F, Box 2, shows that her Employing Office received this form on November 15, 1984.

21. On November 15, 1984, however, Plaintiff was not eligible to continue enrollment in FEHB.

   a. In response to her resignation on October 27, 1984, Plaintiff's supervisors offered her a temporary/term appointment in Salt Lake City. Plaintiff accepted the offer and rescinded her resignation from federal service.

   b. Plaintiff's temporary/term appointment to Salt Lake City was dated to begin October 28, 1984. As of that date, as a temporary/term employee Plaintiff was no longer eligible to enroll for FEHB under 5 U.S.C. Chapter 89.

22. When Plaintiff's Employing Office received her October 27, 1984 SF 2809 requesting cancellation of FEHB enrollment on November 15, 1984, under 5 C.F.R. § 890-101's definition of "Cancel," Plaintiff could not cancel her FEHB coverage effective 15, 1984 because on that date, she was neither "an enrollee" nor was she "eligible to continue enrollment." 5 C.F.R. § 890-101 ( "Cancel means to submit to the employing office an appropriate request electing not to be enrolled *by an enrollee who is eligible to continue enrollment*." ) (emphasis added).

23. At all times when she was eligible to enroll in a health benefits plan under 5 U.S.C. Chapter 89, Plaintiff was, in fact, enrolled in a qualified health benefits plan.

24. Plaintiff is eligible for FEHB under 5 U.S.C. § 8905(b)(1)(B) as an annuitant.

25. OPM's denial of FEHB to Plaintiff has, since June 1, 2017, imposed a measurable cost on Plaintiff of $840.62 per month in additional health insurance costs. The insurance Plaintiff has been able to purchase has substantially lower benefits and higher deductibles than her FEHB plan.

26. In addition, Plaintiff made a one-time payment of $4,287.16 to assure retroactive and continuing coverage of her health insurance through her Temporary Continuation of Coverage (TCC).  Plaintiff has and will continue to incur costs due to the much higher deductibles each month throughout 2018.  In addition, with the expiration of TCC, Plaintiff expects a total loss of health insurance coverage as of November 17, 2018.

## CLAIMS FOR RELIEF

## COUNT I

**OPM's Decision was Arbitrary, Capricious, and Otherwise Not in Accordance with Law.**

**Administrative Procedures Act**

**5 U.S.C. §§ 701 *et seq*.**

27. Plaintiff incorporates and realleges the allegations contained in all of the foregoing paragraphs as though fully alleged herein.

28. The District Court shall set aside the OPM's conclusions when those conclusions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706(2).

29. OPM acts arbitrarily and capriciously whenever it fails to consider all relevant evidence and when it offers an explanation for its decision that runs counter to the evidence. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

30. OPM failed to consider the effect of Plaintiff's documented transfer on October 28, 1984 to a position that was not eligible for FEHB on her filing of a SF-2809, "Health Benefits Registration Form," opting to cancel health benefits, which was received in the Employing Office subsequent to her transfer, on November 15, 1984.

31. OPM and the employing agency's own records show that Plaintiff was in fact enrolled in a qualified health benefits plan at all times when she was eligible to enroll in a health benefits plan under 5 U.S.C. Chapter 89. Under 5 U.S.C. § 8905(b)(1)(B), Plaintiff is eligible for FEHB as an annuitant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks the Court to award her the following relief:

a. declare that the denial of her annuitant's FEHB is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the APA, 5 U.S.C. § 706(2)(A);

  b.  order OPM to grant Plaintiff FEHB from June 1, 2017 and to pay all losses that resulted from the denial of benefits, including health insurance costs;

  c. because OPM's position in this matter was not substantially justified, award Plaintiff her litigation costs and reasonable attorneys' fees under the Equal Access to Justice Act; and

  d. provide any other necessary and appropriate relief.

Respectfully submitted,

\s\ *George Chuzi*

_____
GEORGE M. CHUZI D.C. Bar No. 336503
MARY E. KUNTZ D.C. Bar No. 1000482
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave., N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 331-9264
Fax (1)(866) 455-1504
Gchuzi@kcnlaw.com
Mkuntz@kcnlaw.com

Counsel for Plaintiff